The United States District Court
Middle District of Florida
Tampa Division

**Erik Dorman,**
  Plaintiff(s)

v.

**Max Home Inspections, LLC, Stuart Simm, and Kara Simm**
  Defendant(s)

Case No: _____

### Complaint and Demand for Jury Trial

Plaintiff, Erik Dorman, sues Defendants, Max Home Inspections, LLC, a Florida limited liability company, Stuart Simm (individually), and Kara Simm (individually), and states as follows:

### Jurisdiction

1. Jurisdiction is proper in this Court pursuant to 29 U.S.C. 216(b), the jurisdictional provision of the Fair Labor Standards Act ("FLSA"), and pursuant to 28 U.S.C. sec. 2201-2202, the Federal Declaratory Judgment Act. This court has subject matter jurisdiction over Counts I, II, and III pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and supplemental jurisdiction over Count IV pursuant to 28 U.S.C. § 1367. Count IV is so related to Counts I, II, and III that they form part of the same case or controversy under Article III of the United States Constitution.

PARTIES

2. At all material times, the Plaintiff was, and continues to be, a resident of Polk County, Florida.

3. From June, 2014 though January 2020, Plaintiff was employed by Defendant Max Home Inspections, LLC ("MHI") as a home inspector.

4. At all material times, Defendant MHI was a Florida corporation with its principal place of business in Polk County, Florida.

5. At all material times, Defendant MHI was a provider of home inspection services.

6. At all material times, Defendant MHI was an "employer" as defined by the FLSA.

7. At all material times, Defendant Stuart Simm was, and continues to be, an individual resident of Polk County, Florida.

8. During the time period at issue in this lawsuit, Defendant Stuart Simm had operational control of MHI's day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment.

9. At all material times, Defendant Stuart Simm was an "employer" of Plaintiff as defined by the FLSA.

10. At all material times, Defendant Kara Simm was, and continues to be, an individual resident of Polk County, Florida.

11. During the time period at issue in this lawsuit, Defendant Kara Simm had operational control of MHI's day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment.

12. At all material times, Defendant Kara Simm was an "employer" of Plaintiff as defined by the FLSA.

### CLASSIFICATION

13. Defendants considered Plaintiff to be an independent contractor.

14. Plaintiff was, in fact, an employee of Defendants within the meaning of the FLSA.

15. The principal business of Defendants was home inspections. Plaintiff was engaged to perform these home inspections. Plaintiff's work was an integral part of Defendants' business.

16. Plaintiff was employed for an indefinite, ongoing term.

17. Defendants covered the activities of Plaintiff on Defendants' liability insurance policy.

18. Plaintiff did not have his own liability insurance policy.

19. Defendants determined which properties Plaintiff would inspect.

20. Defendants determined the schedule for when Plaintiff would perform inspections.

21. Defendants generated all of the business that Plaintiff did.

22. Defendants used their initiative, judgment, and foresight to compete in the marketplace for home inspection services.

23. Plaintiff did not use his initiative, judgment, and foresight to compete in the marketplace for home inspection services.

24. In generating business and operations of a home inspection business, Plaintiff was dependent on Defendants initiative, judgment, and foresight.

25. Plaintiff was not permitted to perform inspections for customers other than those of Defendants, either for himself or for any third parties. He exclusively worked for Defendants.

26. Plaintiff was not permitted to subcontract his work to third parties.

27. Plaintiff was required to personally perform the inspections assigned to him, himself.

28. Plaintiff worked full time.

29. Plaintiff was paid a flat fee per inspection for his services.

30. Plaintiff was required to wear Defendant MHI's uniform.

31. Plaintiff was required to identify himself as a representative of MHI to customers and third parties.

32. Plaintiff was required to use MHI's forms.

33. Plaintiff was required to follow MHI's instructions and procedures for performing inspections.

## FLSA Coverage

34. At all material times, Plaintiff and Defendants were engaged in "commerce" as defined by the FLSA.

35. Plaintiff and other employees of Defendant regularly produced inspection reports for clients located out of state.

36. Plaintiff and other employees of Defendant regularly accessed the internet using instrumentalities of interstate communication and services and data providers located in other states in producing inspection reports.

37. Plaintiff and other employees of Defendant regularly used cameras, computers, vehicles, supplies, tools, and equipment that moved in interstate commerce in performing their duties.

38. Plaintiff and other employees of Defendant regularly inspected installed materials and equipment that had moved in interstate commerce, such as building and construction materials of all sorts, heating and air conditioning systems, and appliances.

39. Plaintiff and other employees of Defendant regularly performed home inspection services for the purposes of providing information to facilitate real estate sales transactions involving lenders, buyers, sellers, insurers, title insurers, and other parties from outside the state of Florida.

40. Defendants maintains a web site and a Facebook page that are accessible outside the state of Florida to and seek in part to attract business from customers located outside the state of Florida.

41. The annual gross revenue of the Defendants was in excess of $500,000 per year during the time period at issue in this lawsuit.

42. Defendants are subject to enterprise coverage under the FLSA.

43. In addition, and in the alternative, Plaintiff is subject to individual coverage under the FLSA.

## FACTS

44. At various times, Plaintiff worked for Defendants in excess of forty hours within a work week.

45. Defendants failed to keep track of the hours worked by Plaintiff.

46. Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate for all hours worked in excess of forty hours in a single work week.

47. Plaintiff has retained Bloodworth Law, PLLC to represent him in this litigation and has agreed to pay a reasonable fee for the firm's services.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

48. This is a cause of action for recovery of overtime compensation brought under the Fair Labor Standards Act against all Defendants.

49. Plaintiff restates the allegations of paragraphs 1 through 47, above.

50. The Defendants have violated the FLSA by:

    a. Failing to compensate Plaintiff at one and on-half times his regular rate for all hours worked in excess of forty hours per week;

    b. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

51.    Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA.

52.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

53.    Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked in excess of forty hours per week.

54.    Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

55.    Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

### COUNT II – DECLARATORY JUDGMENT

56.    This is a cause of action for recovery of a declaratory judgment brought under the Fair Labor Standards Act and 28 U.S. Code § 2201 against all Defendants.

57.    Plaintiff restates the allegations of paragraphs 1 through 47, above.

58.    Plaintiff and Defendants have a dispute pending concerning violations of the FLSA over which this Court has jurisdiction.

59.    This Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sec. 2201-2202.

60. The Defendants have violated the FLSA by:

    a. Failing to compensate Plaintiff at one and on-half times his regular rate for all hours worked in excess of forty hours per week;

    b. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

61. Plaintiff is entitled to declaratory relief.

62. Plaintiff is entitled to overtime compensation.

63. Plaintiff is entitled to an equal amount of liquidated damages.

64. It is in the public interest to have these declarations of rights recorded.

65. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal dispute at issue.

66. The declaratory judgment action terminates and affords relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

### COUNT III – FRAUDULENT INFORMATION RETURN

67. This is a cause of action for filing a fraudulent information return brought pursuant to 26 U.S. Code § 7434 against all Defendants.

68. Plaintiff restates the allegations of paragraphs 1 through 33 and 44 through 47, above.

69. For the entire period of Plaintiff's employment, Defendant MHI filed fraudulent information returns with the Internal Revenue Service.

70. Defendants Stuart Simm and Kara Simm were responsible for filing Defendant MHI's fraudulent information returns with the Internal Revenue Service or causing them to be filed and did so with actual or constructive knowledge of the facts described herein.

71. Defendants reported Plaintiff's income on an IRS form 1099 as income of an independent contractor.

72. In fact, Plaintiff was misclassified as an independent contractor. Plaintiff was an employee.

73. As a result, Plaintiff has been damaged. Plaintiff's damages include, but are not limited to, Plaintiff being held liable for Defendant MHI's portion of applicable payroll taxes during each year of employment.

74. If and to the extent Plaintiff's damages do not exceed $5000, Plaintiff is entitled to minimum damages of $5000 in accordance with 24 U.S.C. § 7434.

75. Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

### Count IV – Deceptive Trade Practice

76. This is a cause of action for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat § 501.201 et seq.

77. Plaintiff restates the allegations of paragraphs 1 through 33 and 44 through 47, above.

78. The actions of Defendants are an unfair and deceptive trade practice prohibited by Florida Statutes.

79. As a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. sec. 2201-2202, that the acts and practices complained of are in violation of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due for all time worked in excess of forty hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff damages of the greater of $5000 or Plaintiff's actual damages for filing fraudulent information returns;

    e. Award Plaintiff damages for Defendants' deceptive and unfair trade practice;

    f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of litigation;

    g. Awarding Plaintiff pre-judgment and post-judgment interest; and

    h. Ordering any further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted August 20, 2020.

/s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
BLOODWORTH LAW, PLLC
801 N. Magnolia Ave. Suite 216
Orlando, FL 32803
Office: 407-777-8541
Mobile: 863-288-0234
KBrinson@LawyerFightsForYou.com
EOMalley@LawyerFightsForYou.com
Attorney for Plaintiff